**MADE JS-6/REMAND**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiff(s),　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>DAVID BRAVO, et al.　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendant(s).　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>_____) | No. CV 08-7736-GW(RCx)<br><br>**RULING ON MOTION FOR REMAND** |

<u>U.S. Bank National Assoc. v. Bravo</u>, Case No. CV 08-7736
Ruling on Motion for Remand

## I. BACKGROUND

Defendant David Bravo ("Bravo" or "Defendant") removed this unlawful detainer action from state court on November 24, 2008. Plaintiff U.S. Bank National Association ("U.S. Bank" or "Plaintiff") was the beneficiary under a Deed of Trust executed by Bravo relating to real property at 1604 S. Palomares Street, Pomona, CA 91766 (the "Property"), and obtained its ownership interest in the Property following a judicial foreclosure sale on August 5, 2008. See Request for Judicial Notice ("RJN") Ex. 1. The Complaint in this action was filed on August 26, 2008. See Notice of Removal ("NOR") Ex. 1. Judgment for possession apparently was entered in favor of U.S. Bank on October 22, 2008.[1]

In his Notice of Removal, Bravo asserts that both federal question and diversity jurisdiction exists over the claims in U.S. Bank's unlawful detainer action. Defendant now seeks remand for both lack of federal jurisdiction and defects in the removal procedure. No opposition has been filed by the <u>pro se</u> defendant. "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. The motion to remand is granted on that basis and also, as discussed below, on its merits.

## II. LEGAL STANDARD

A suit filed in state court may be removed to federal court by the defendant if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); <u>Snow v. Ford Motor Co.</u>, 561 F.2d 787, 789 (9th Cir. 1977). A motion to remand is the proper procedure for challenging removal. See 28 U.S.C. § 1447(c). Courts construe the removal statute strictly against removal, and any doubts must be resolved in favor of remand. <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988). The defendant always bears the burden of establishing that removal is proper. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Id.</u> A plaintiff may move for remand when removal to federal court was procedurally defective, even though the procedural defects do not necessarily deprive the court of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## III. ANALYSIS

Unlawful detainer cases are not exempt from removal and may be removed to federal court as long as the components of federal jurisdiction are present. <u>Swords v. Kemp</u>, 423 F.Supp.2d 1031, 1037 (N.D. Cal. 2005) (citing <u>Rubel-Jones Agency, Inc. v. Jones</u>, 165 F.Supp. 652, 654 (W.D. Mo. 1958); <u>see also</u> <u>Mutual First, Inc. v. O'Charleys of Gulfport, Inc.</u>, 721 F.Supp. 281 (S.D. Ala. 1989) (denying remand of an unlawful detainer removed for diversity

---

[1] Plaintiff's RJN purports to include copies of the Complaint and "Judgment for possession" as Exhibits 2 and 3, respectively; but the documents that were provided therein are not as described.

jurisdiction). Here, however, no federal question appears on the face of the Complaint, and Bravo's attempted removal on the basis of diversity fails on both procedural and substantive grounds.

### A. Federal Question

Defendant alleges federal question jurisdiction "resulting from Moving Party's Discovery Request and Demands for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE', and as to identify the statutory basis for the discovery request/demands and other claims." NOR 1:16-19. Under the "well-pleaded complaint rule," however, federal jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar v. Williams, 482 U.S. 386, 392 (1987). No federal question is presented on the face of U.S. Bank's Complaint for Unlawful Detainer. Therefore, removal on the basis of federal question jurisdiction was improper.

### B. Diversity

Bravo also alleges the existence of diversity jurisdiction. Although the NOR does not include any allegation regarding Plaintiff's citizenship, Plaintiff did not raise this omission in its motion for remand (and does not now appear to claim that the parties are not diverse). Rather Plaintiff contends that removal was improper because (1) the court would not have had original jurisdiction over the lawsuit because the minimum amount in controversy is not satisfied, and (2) that removal jurisdiction does not exist because Defendant is a citizen of California.

#### 1. Defendant has not shown that the amount in controversy requirement is satisfied.

District courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

California courts treat the determination of the amount in controversy in an unlawful detainer action as a function of the amount claimed in the ad damnum clause of the complaint. Moss v. Williams, 84 Cal.App.2d 830, 839 (1948). At least one other court in this district has found that the amount in controversy was not satisfied where a defendant sought to remove an unlawful detainer action from a state court of limited jurisdiction. See US Bank Nat'l Ass'n v. Belle, 2008 U.S. Dist. LEXIS 54293 (C.D. Cal. July 8, 2008) (noting that, similarly to the Complaint in this action, "[t]he underlying complaint is emblazoned with the prominent sub-caption, "AMOUNT DEMANDED DOES NOT EXCEED $10,000"). But see Bally Total Fitness Corp. v. Contra Costa Retail Ctr., 384 B.R. 566, 571 (Bankr. N.D. Cal. 2008) ("For purposes of diversity jurisdiction, the measure of the dollar amount in controversy is not limited to the amount of recoverable damages."). In any event, it is the defendant's burden to show that diversity jurisdiction - including amount in controversy - exists, and this he manifestly has not


done. As the court wrote in Belle:

> "Questions of jurisdiction and removal are generally determined from the face of a 'well-pleaded' complaint." Geweke Ford v. St. Joseph's Omni Preferred Care Inc., 130 F.3d 1355, 1357-58 (9th Cir. 1997), citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-12, 103 S.Ct. 2841, 2846-47, 77 L.Ed.2d 420 (1983). Here, the complaint expressly disclaims any relief in excess of $10,000.

US Bank Nat'l Ass'n v. Belle, 2008 U.S. Dist. LEXIS 54293 at *3. In the present case, the Compliant on page one indicates that it was brought as a "Limited Civil Case"[2] and that the "[a]mount demanded does not exceed $10,000." See California Government Code § 70613.

    2. Removal is barred by the "forum defendant" rule.

Even if Bravo had demonstrated that the amount in controversy was sufficient, the general removal statute precludes removal if any defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). While the Ninth Circuit treats the "forum defendant" rule contained in section 1441(b) as "procedural" and not jurisdictional, see Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 940 (9th Cir. 2006), it has been timely raised by Plaintiff. See 28 U.S.C. § 1447(c). Accordingly, even if the other requirements for diversity jurisdiction were met, the case would still be non-removable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is GRANTED. The clerk of the court is hereby ordered to remand this matter back to state court.

Dated: This 23rd day of January, 2009.

                       _/s/ George H. Wu_
                        GEORGE H. WU
                        United States District Judge

---

[2] As delineated in California Code of Civil Procedure § 86(a), "limited civil cases" are actions where the plaintiff's demand is less than $25,000.